UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:

**CBCS WASHINGTON STREET LP,**

                                Debtor.

Chapter 11

Case No: 19-22607 (RDD)

----------------------------------------------------------x

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER APPROVING DISCLOSURE STATEMENT ON A FINAL BASIS AND CONFIRMING AMENDED PLAN OF REORGANIZATION

The debtor and debtor in possession, CBCS Washington Street LP (the "**Debtor**") having filed its Chapter 11 Plan of Reorganization of CBCS Washington Street LP dated July 10, 2019 [ECF No. 113] and its Disclosure Statement for Chapter 11 Plan of Reorganization of CBCS Washington Street LP dated July 10, 2019 [ECF No. 114]; and the Debtor having filed its Motion for Order (I) Preliminarily approving Disclosure Statement, (II) Scheduling Hearing on Final Approval of Disclosure Statement and Confirming Debtor's Plan of Reorganization, and (III) Approving Assumption Procedures on July 19, 2019 [ECF No. 118]; and the Debtor having filed its Amended Chapter 11 Plan of Reorganization of CBCS Washington Street LP dated August 5, 2019 [ECF No. 135] (the **"Plan"**); and its Amended Disclosure Statement for Amended Chapter 11 Plan of Reorganization of CBCS Washington Street LP dated August 5, 2019 [ECF No. 136]; and upon the Order (I) Preliminarily Approving Debtor's Disclosure Statement for Chapter 11 Plan of Reorganization, (II) Scheduling a Hearing on Final Approval of the Disclosure Statement and Confirming Debtor's Plan of Reorganization, (III) Approving Assumption Procedures, and (IV) Granting Related Relief [ECF No. 137] (the "**Scheduling Order**"); and the Debtor having filed the Amended Disclosure Statement for Amended Plan of

{01028447.DOC;1 }

1

Reorganization of CBCS Washington Street LP to conform with the Scheduling Order [ECF No. 139] (the "**Disclosure Statement**"); and the Debtor having filed a supplement to the Disclosure Statement dated September 11, 2019 [ECF No. 162] (the "**DS Supplement**"); and the Debtor having filed its plan supplement on September 23, 2019 [ECF No. 175] (the "**Plan Supplement**"), and the Debtor having filed a modification to the Plan on October 3, 2019 [ECF No. 188] (the "Plan Modification") and the Second Supplement to the Disclosure Statement dated October 3, 2019 [ECF No.189] (the "Second DS Supplement"); and capitalized terms used but not defined herein having the meanings given to them in the Plan and the Disclosure Statement; and the Court having reviewed the Plan, the Disclosure Statement, the DS Supplement, the Plan Supplement, the Plan Modification and [all filed objections and/or responses to final approval of the Disclosure Statement and confirmation of the Plan]; and the Court having heard the statements of counsel and other parties in interest in support of final approval of the Disclosure Statement and confirmation of the Plan at a hearing held before this Court on October 4, 2019 (the "**Confirmation Hearing**"); and the Court having taken into consideration all evidence admitted at the Confirmation Hearing, including the Declaration of Christopher K. Wu in Support of Confirmation of Amended Plan of Reorganization of CBCS Washington Street LP [ECF No. 176]; the Declaration of Joshua Caspi in Support of Confirmation of Amended Plan of Reorganization of CBCS Washington Street LP [ECF No. 177]; the Declaration of Sail Von Nostrand in Support of Confirmation of Amended Plan of Reorganization of CBCS Washington Street LP [ECF No. 178]; the Declaration of Ranjini Pillay in Support of Confirmation of Amended Plan of Reorganization of CBCS Washington Street LP [ECF No. 179]; and the Declaration of James Parks in Support of (I) Assumption of Ground Lease and (II) Confirmation of Amended Plan of Reorganization of CBCS Washington Street LP [ECF No. 180]; each of which was [subject to a proffer] and

{01028447.DOC;1 }

2

was admitted into evidence without objection at the Confirmation Hearing, provided that the assertions contained therein as to the terms and provisions of the Lease, the Landlord's actions, and the pre-petition negotiations between the Landlord and the Debtor are not binding on the Landlord, which does not agree with those characterizations and reserves all rights with respect thereto and the Landlord's consent to confirmation of the Plan shall not constitute a waiver of its rights with respect to these statements ; and after due deliberation thereon and sufficient cause appearing therefore, the Court enters the following findings of fact, conclusions of law, and Order confirming the Plan.

## **Findings of Fact**

A.        On March 12, 2019 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

B.        On July 10, 2019, the Debtor filed its Plan of Reorganization of CBCS Washington Street LP and its Disclosure Statement for Plan of Reorganization of CBCS Washington Street LP.

C.        On July 19, 2019, the Debtor filed its Motion for Order (I) Preliminarily approving Disclosure Statement, (II) Scheduling Hearing on Final Approval of Disclosure Statement and Confirming Debtor's Plan of Reorganization, and (III) Approving Assumption Procedures on July 19, 2019 Motion for Preliminary Approval of Amended Disclosure Statement for Amended Plan of Reorganization of CBCS Washington Street LP (the "Scheduling Motion").

D.        On August 5, 2019, the Debtor filed its Amended Plan of Reorganization of CBCS Washington Street LP;

E.        On August 5, 2019, the Debtor filed its Amended Disclosure Statement for Amended Plan of Reorganization of CBCS Washington Street LP.

F. On August 6, 2019, the Court entered the Order (I) Preliminarily approving Disclosure Statement, (II) Scheduling Hearing on Final Approval of Disclosure Statement and Confirming Debtor's Plan of Reorganization, and (III) Approving Assumption Procedures (the "Scheduling Order").

G. On August 6, 2019, the Debtor filed its Amended Disclosure Statement for Amended Plan of Reorganization of CBCS Washington Street LP to conform with the Scheduling Order.

H. As set forth in the Affidavit of Service filed on August 6, 2019 [ECF No. 142], the Plan, Disclosure Statement, Scheduling Motion and Scheduling Order and Notice to Counterparties to Executory Contracts and Unexpired Leases to be Assumed Under the Plan were served upon all interested parties in accordance with the Scheduling Order and the applicable Bankruptcy Rules.

I. On September 11, 2019, the Debtor filed the DS Supplement.

J. On September 23, 2019, the Debtor filed the Plan Supplement.

K. On October 3, 2019, the Debtor filed the Plan Modification and the Second DS Supplement.

L. The Plan Modification filed pursuant to Section 1127(a) of the Bankruptcy Code meets the requirements of Section 1122 and 1123 of the Bankruptcy Code and therefore the Plan, as modified by the Plan Modification becomes the Plan.

M. The Debtor has proposed the Plan in good faith. The Plan is designed to allow the Debtor to reorganize by authorizing the Debtor to obtain Exit Financing from an affiliate of Hana Financial ("Hana" or "Exit Lender") which will, on the Effective Date of the Plan, provide means for the implementation of the Plan and for the funding source for the completion of the hotel on the real property located at 443 Washington Street, 445-447 Washington Street, 454-456 Greenwich Street and 24-28 Desbrosses Street, New York, York (the "Property").

N.      The Debtor leases the Property under a 99-year ground lease pursuant to an Agreement of Lease dated June 19, 2013 with 445 Washington LLC (the "Landlord"). The ground lease has been amended by the following amendments: First Amendment to Agreement of Lease Dated January 4, 2017; Second Amendment to Agreement of Lease dated October 16, 2018; Third Amendment to Agreement of Lease Dated October 16, 2018; Fourth Amendment to Agreement of Lease Dated December 28, 2018; and Fifth Amendment to Agreement of Lease dated September __, 2019 (hereinafter, collectively, as amended by the foregoing and other agreements between the Debtor and Landlord from time to time, the "Lease").

O.      No holder of an allowed secured claim has made an election under section 1111(b)(2) of the Bankruptcy Code.

P.      The Liquidation Analysis submitted with the Disclosure Statement, the Projections filed with the Plan Supplement and the record of the Confirmation Hearing, demonstrate that creditors will receive at least as much under the Plan as they would receive in a liquidation of the Debtor under Chapter 7 of the Bankruptcy Code.

Q.      The Declaration of Christopher Wu of Teneo and his feasibility analysis contain therein Plan demonstrates that the Plan is feasible, and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, except to the extent that such liquidation or reorganization is proposed in the Plan.

R.      The Debtor is not required by a judicial or administrative order, or by statute, to pay domestic support obligations.

S.      The Plan provides for the assumption of all executory contracts and unexpired leases to which the Debtor is a party in accordance with Section 365 of the Bankruptcy Code.

T.      The Debtor has articulated good and sufficient business justifications for

assumption of all executory contracts and unexpired leases to which it is a party and has exercised prudent and reasonable business judgment with respect thereto.

U.  As evidenced by the relevant affidavits of service, a Notice to Counterparties to Executory Contracts and Unexpired Leases to be Assumed under the Plan was served upon all counterparties to executory contracts and unexpired leases to be assumed the Plan in accordance with the Scheduling Order.

V.  As evidenced by the relevant affidavits of service, an Amended Notice to Counterparties to Executory Contracts and Unexpired Leases to be Assumed under the Plan was served upon Tishman and a Second Amended Notice to Counterparties to Executory Contracts and Unexpired Leases to be Assumed under the Plan was served upon Tishman.

W.  On September 23, 2019, the Debtor filed the Plan Supplement; the Declaration of Christopher K. Wu in Support of Confirmation of Amended Plan of Reorganization of CBCS Washington Street LP; the Declaration of Joshua Caspi in Support of Amended Plan of Reorganization of CBCS Washington Street LP; the Declaration of Sail Van Nostrand in Support of Amended Plan of Reorganization of CBCS Washington Street LP; the Declaration of Ranjini Pillay in Support of Amended Plan of Reorganization of CBCS Washington Street LP; and the Declaration of James Parks in Support of (I) Assumption of Ground Lease and (II) Confirmation of Amended Plan of Reorganization of CBCS Washington Street LP.

X.  On October 1, 2019 the Debtor filed its *First Modification to Amended Plan of Reorganization of CBCS Washington Street LP*. Modifying certain provisions of the Plan.

Y.  The Confirmation Hearing was held on October 4, 2019.

## Conclusions of Law

1.  Jurisdiction over this case is vested in the United States District Court for this District pursuant to section 1334 of title 28 of the United States Code. Venue in this District is

{01028447.DOC;1 }

6

proper pursuant to 28 U.S.C. § 1409.

2. This case was referred to this Court pursuant to 28 U.S.C. § 157(a) and the Standing Order of Reference Regarding Title 11 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.).

3. The Scheduling Motion seeking confirmation of the Plan is a core proceeding under sections 1128 and 1129 of the Bankruptcy Code. *See* 28 U.S.C. §157(b)(1).

4. This Court may hear and determine the issues raised by the Scheduling Motion for confirmation of the Plan and may enter appropriate final orders and judgments with respect thereto. *See* 28 U.S.C. §157(b)(2)(A), (L) and (O).

5. All persons, entities and governmental agencies entitled or required to receive notice of the Plan and Disclosure Statement have received due, proper, and adequate notice thereof and of the Confirmation Hearing.

6. The Plan complies with the applicable provisions of the Bankruptcy Code.

7. The Plan properly classifies Claims and Interests as required by sections 1122 and 1123(a)(1)-(4) of the Bankruptcy Code.

8. The Claims and Interests within each Class designated under the Plan are substantially similar.

9. The classification of Claims and Interests was properly made and is appropriate in accordance with the terms of the Plan and the requirements of section 1122 of the Bankruptcy Code for the purposes of distribution of the consideration to be distributed to holders of Claims and Interests under the Plan.

10. The Plan specifies all classes of Claims and Interests are not impaired under the Plan and meets the requirements of section 1123(a)(2) of the Bankruptcy Code.

11. The Plan provides the same treatment for each Claim and Interest of a particular

class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment, as required by section 1123(a)(4) of the Bankruptcy Code.

12. The Plan provides adequate, proper, and legal means for the Plan's implementation as required by section 1123(a)(5) of the Bankruptcy Code.

13. The Plan provides for its implementation through the Exit Financing, as supplemented by the Equity Contribution, and the distribution of the proceeds thereof to holders of Allowed Claims.

14. There are no non-voting equity securities to be issued under the Plan. Accordingly, section 1123(a)(6) of the Bankruptcy Code is not applicable.

15. The provisions of Section 5 of the Plan with respect to the assumption and/or rejection of Executory Contracts and Unexpired Leases are fair and appropriate and are consistent with the provisions of section 365 of the Bankruptcy Code as required by section 1123(b)(2) of the Bankruptcy Code.

16. Subject to the occurrence of the Effective Date and payment of all cure obligations owing under the Lease ("Cure Amount"), the Debtor has provided for the cure of all monetary defaults under the Lease and provided adequate assurance of future performance thereunder; the completion guaranty and third party guaranty under sections 39 and 10.03 of the Lease, respectively, are deemed satisfied pursuant to the Recognition and Estoppel Agreement entered into between the Ground Lessor and the Exit Lender as of the Closing of the Exit Financing (and subject to the terms and condition of such Recognition and Estoppel Agreement); and as of the Effective Date of the Plan, the leasehold interest in the Lease and all other of the Debtor's assets constituting the property (as defined in the leasehold mortgage being executed in connection with the Exit Financing) are held by the Debtor free and clear of all liens, claims and encumbrances (other than the liens granted

in accordance with the Exit Financing), but, in respect of the Lease, subject to the terms and conditions of the Lease and the Recognition and Estoppel Agreement.

17. The Lease is hereby assumed as of the Effective Date. The Debtor shall pay the Cure Amount of the Landlord on the Effective Date in accordance with a separate agreement between the parties.

18. The Plan is consistent with the interests of creditors and with public policy as required by section 1123(a)(6) and 1123 (a)(7) of the Bankruptcy Code.

19. The Debtor, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, and in particular, with the requirements of sections 1125 and 1126 of the Bankruptcy Code as follows: the Debtor served copies of the Plan, Disclosure Statement, Scheduling Order and Scheduling Motion, and if applicable cure notice, on all required parties.

20. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, and, viewed in the light of the totality of the circumstances surrounding the formulation, submission, distribution, and confirmation of the Plan, the Plan will fairly achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

21. As required by section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtor or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with this case, or in connection with the Plan and incident to this case, has been approved by, or will be subject to the approval of, this Court as reasonable.

22. As set forth in Section 6.2 of the Plan and the DS Supplement, the Debtor shall continue in existence post-confirmation as the Reorganized Debtor which shall continue to be

managed by Washington Street Hotel GP, LLC. The Plan therefore complies with section 1129(a)(5) of the Bankruptcy Code.

23. There are no rate changes provided for in the Plan, with respect to which rates a governmental regulatory commission has jurisdiction over the Debtor after confirmation.

24. Except to the extent that the holder of a particular Allowed Claim has agreed to a different treatment of such Claim, the Plan provides that the holders of Allowed Claims of a kind specified in section 507(a)(2) of the Bankruptcy Code will receive on account of such Allowed Claims, Cash in full on the later of the Effective Date, the date payment of such Claim is due under the terms thereof or applicable law, or three business days after such Claim becomes an Allowed Administrative Claim; *provided, however,* that any Administrative Claim incurred by the Debtor in the ordinary course of its business shall be paid in full in accordance with the terms and conditions of the particular transaction giving rise to such Administrative Claim and any agreements relating thereto.

25. The Plan provides that each holder of an Allowed Claim of a kind specified in section 507(a)(8) of the Bankruptcy Code will receive on account of such Allowed Claim, Cash in full on the Effective Date, or as may be otherwise mutually agreed in writing between the Debtor and such Governmental Unit.

26. The Debtor has paid or shall pay all amounts due under 28 U.S.C. §1930, and any applicable interest thereon, in Cash in full as required by statute and until the closing, conversion or dismissal of this case, and the Plan provides that all fees payable under 28 U.S.C. § 1930 shall be paid in full.

27. Section 1114(a) of the Bankruptcy Code is not applicable to the Plan.

28. The Debtor does not maintain any Retiree Benefits, as that term is defined in

section 1114(a) of the Bankruptcy Code and thus there are no obligations of the type for which continued payment under section 1129(a)(13) of the Bankruptcy Code is required.

29. With respect to each class of Claims or Interests for the Debtor, each holder of an Allowed Claim or Allowed Interest in such class has accepted the Plan, or will receive or retain under the Plan, on account of such Allowed Claim or Allowed Interest, property of value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtor was liquidated on the Effective Date under Chapter 7 of the Bankruptcy Code.

30. There are no impaired Classes of Claims under the Plan. All unimpaired classes of Claims are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Accordingly, the Plan has been unanimously accepted by all classes of creditors.

31. The Plan provides for the treatment of Administrative Expense Claims and other Claims entitled to priority pursuant to section 507 of the Bankruptcy Code in the manner required by section 1129(a)(9) of the Bankruptcy Code.

32. The Plan is feasible, and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, except to the extent that such liquidation or reorganization is proposed in the Plan.

33. Sections 1129(a)(13) and 1129(a)(14) of the Bankruptcy Code are not applicable to the Plan.

34. Section 1129(a)(15) of the Bankruptcy Code is inapplicable because the Debtor is not an individual.

35. Section 1129(a)(16) of the Bankruptcy Code is inapplicable because the Debtor is not a trust and the Debtor is a moneyed business or commercial corporation.

36. In accordance with Section 6.5 of the Plan, to the maximum extent provided by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under this Plan as confirmed by the Court, (including, but not limited to the Exit Financing and any instrument executed in furtherance of the transactions contemplated by the Plan, including the $135,000,000 leasehold mortgage loan described in the Commitment attached to the Plan as Exhibit A), shall be exempt and shall not be subject to any Transfer Tax.  Pursuant to Section 1142(b) of the Bankruptcy Code, the appropriate state or local government officials or agents shall forego collection of any such Transfer Tax and accept for filing and recordation any of the instruments or other documents evidencing the transfer of the property or the recording of a mortgage against the Debtor's property executed in connection with the Plan without the payment of any such Transfer Taxes or governmental assessment.

37. The Debtor is hereby authorized to enter into the Exit Financing.

38.  The Debtor did not enter into the Exit Financing and the loan documents to be executed in accordance therewith (the "Loan Documents") with the actual intent to hinder, delay, or defraud any creditor.

39. The Loan Documents and Organizational Documents substantially in the form attached to the Plan Supplement are hereby approved.

40. The Debtor will receive reasonably equivalent value in exchange for its obligations under the Loan Documents.

41. The Loan Documents substantially in the form attached to the Plan Supplement are essential elements of the Plan and have been negotiated in good faith and at arm's-length, and entry into and consummation of the transactions contemplated by each such document and agreement is in the best interests of the Debtor, its estate, Creditors, and equity-holders, and shall,

{01028447.DOC;1 }

12

upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal, state or local law. The Debtor has exercised reasonable business judgment in determining to enter into the Loan Documents substantially in the form attached to the Plan Supplement, and has provided sufficient and adequate notice of the form of such documents and agreements. The terms and conditions contained in the forms of the Loan Documents are fair and reasonable and are approved.

42. Giving effect to the transactions contemplated by the Loan Documents, the fair saleable value of the Debtor's assets exceeds, after taking into account the Equity Contribution to be made as contemplated by the Plan, and will, immediately following the execution and delivery of the Loan Documents, exceed Debtor's total probable liabilities, including subordinated, unliquidated, disputed or contingent liabilities, including the maximum amount of its contingent liabilities or its debts as such debts become absolute and matured.

43. The Debtor's assets do not and, immediately following the execution and delivery of the Loan Documents will not, constitute unreasonably small capital to carry out its business as conducted or as proposed to be conducted.

44. Debtor does not intend to, and does not believe that it will, incur debts and liabilities (including contingent liabilities and other commitments) beyond its ability to pay such debts as they mature (taking into account the timing and amounts to be payable on or in respect of obligations of Debtor).

## Confirmation Order

Based on the foregoing, it is hereby

**ORDERED**, that any and all objections to the Disclosure Statement and/or the Plan not previously resolved or withdrawn, whether filed or not, are overruled; and it is further

**ORDERED**, that the Disclosure Statement (subject to clarifications on the record of the Confirmation Hearing) is hereby approved on a final basis; and it is further

**ORDERED**, that the Plan be, and the same hereby is, confirmed pursuant to section 1129 of the Bankruptcy Code and the provisions of the Plan shall bind the Debtor and all creditors and equity security holders of the Debtor; and it is further

**ORDERED**, that the Plan meets each of the requirements of section 1129(a) of the Bankruptcy Code; and it is further

**ORDERED,** that the Debtor is authorized to enter into the Exit Financing; and it is further

**ORDERED,** that the Loan Documents and organizational documents substantially in the form attached to the Plan Supplement are hereby approved; and it is further

**ORDERED**, that the Debtor or Reorganized Debtor, as applicable, is authorized, without any further notice to, or action, order or approval of, the Bankruptcy Court, to finalize, execute and deliver the Loan Documents, and to perform its obligations under such Loan Documents; and it is further

**ORDERED**, that all actions to be taken, undertakings to be made, and indebtedness and other obligations to be incurred and performed, as the case may be, by the Debtor or the Reorganized Debtor, as applicable, in connection with or relating to the Loan Documents, whether prior to, on, or following the Effective Date (including, without limitation, entry into, and filing of, any mortgages, security agreements or other instruments in favor of or for the benefit of Hana to secure the indebtedness and other obligations under the Loan Documents) are (i) hereby approved; (ii) shall be deemed to be legal, valid, binding, and fully and unconditionally enforceable against the Debtor and the Reorganized Debtor in accordance with their terms, without any further corporate or other action required by the Debtor or the Reorganized Debtor (as applicable); and (iii) in the case of liens and security interests, shall be deemed fully and automatically perfected, subject only to

{01028447.DOC;1 }

such liens and security interests as may be permitted under the Loan Documents; and it is further

**ORDERED**, that to the extent that, under applicable non-bankruptcy law, any of the Debtor's actions under the Plan would otherwise require the consent or approval of the equity-holders, managers, members, or directors of the Debtor or Reorganized Debtor, this Order shall, pursuant to section 1142 of the Bankruptcy Code, constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the directors, members, managers, partners or stockholders of the appropriate Debtor or Reorganized Debtor; and it is further

**ORDERED**, that on the Effective Date, the Estate, including Debtor's interest in the Property under the Lease shall vest in the Reorganized Debtor free and clear of all liens, Claims and encumbrances and all liens, claims and encumbrances on or against property of the Estate that have not been expressly preserved under the Plan and the Loan Documents shall be extinguished as of such date; and it is further

**ORDERED**, that any other asset of the Debtor, including any surplus Proceeds from the Exit Financing, after payment is made to all Classes of Creditors pursuant to the Plan shall vest in the Reorganized Debtor free and clear of all liens, claims and encumbrances but shall be subject to the liens granted to the Exit Lender pursuant to the terms of the Loan Documents; and it is further

**ORDERED**, that any Mechanics Liens filed against the Property by any creditor of the Debtor must be released as a condition to payment of any Allowed Claim held by such creditor as set forth in Section 4.2 of the Plan and any such mechanics lien creditor shall be required to remove immediately such filed lien against the Property and, if such creditor fails to do so, the Debtor and/or the Landlord shall be authorized to file the necessary documentation to release such lien and remove it from the Property; and it is further

**ORDERED**, that pursuant to the Plan, Debtor's counsel, Robinson Brog Leinwand Greene Genovese & Gluck P.C., is hereby appointed as the Disbursing Agent under the Plan; and it is

{01028447.DOC;1 }

15

further

**ORDERED**, that except as specifically provided in the Plan, or this Confirmation Order, the Reorganized Debtor is authorized and empowered to do all things and take all actions reasonably necessary to effectuate the consummation and implementation of the Plan, including, but not limited to, executing all documents, filing all requisite documents with appropriate state and local authorities, establishing all accounts, making all distributions and paying all costs in connection with consummating the Plan; and it is further

**ORDERED**, that this Confirmation Order and all related agreements and documents necessary to implement the Plan shall be binding upon and inure to the benefit of any successors and assigns of the Debtor; and it is further

**ORDERED**, that in accordance with the provisions of the Plan, on the Effective Date, all Executory Contracts and Unexpired Leases to which Debtor is a party, including but not limited to the Lease (including as amended by the Fifth Amendment thereto), are hereby assumed by the Reorganized Debtor on the Effective Date in accordance with section 365 of the Bankruptcy Code; and it is further

**ORDERED**, that to the maximum extent provided by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under this Plan as confirmed by the Court, (including, but not limited to the Exit Financing and any instrument executed in furtherance of the transactions contemplated by the Plan, including the $135,000,000 leasehold mortgage loan described in the loan documents which are exhibits to the Plan Supplement), shall be exempt and shall not be subject to any law imposing a stamp tax, real estate transfer tax, mortgage recording tax, or similar tax due in connection with the Exit Financing. Pursuant to Section 1142(b) of the Bankruptcy Code, the appropriate state or local government officials or agents shall forego collection of any such tax or governmental assessment

{01028447.DOC;1 }

16

and accept for filing and recordation any of the instruments or other documents evidencing the transfer of the property or the recording of a mortgage against the Debtor's property executed in connection with the Plan without the payment of any such tax or governmental assessment; and it is further

**ORDERED**, that the Office of the Register of the City of New York in New York County shall record any recordable transfer document without the payment of any New York State Real Estate Transfer Tax imposed under article 31 of the New York Tax Law, any New York City Real Property Transfer Tax imposed under section 11-2102 of the New York City Administrative Code, any filing fees or recording fees with respect thereto, and any other tax within the purview of section 1146(a) of the Bankruptcy Code; and it is further

**ORDERED**, that the provisions of the Plan, shall bind the Debtor and all creditors of the Debtor; and it is further

**ORDERED**, that except with respect to the obligations required by the Plan, pursuant to section 1125(e) of the Bankruptcy Code, neither the Released Entities, nor any of their respective officers, directors, or employees (acting in such capacity), nor any professional person employed by any of them, shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, Confirmation or consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with the Plan except in the case of fraud, gross negligence, willful misconduct, malpractice, breach of fiduciary duty, criminal conduct, unauthorized use of confidential information that causes damages, or ultra vires acts; and it is further

**ORDERED**, that other that as set forth above in respect of section 1146(a) of the Bankruptcy Code, nothing contained herein shall (i) limit the liability of any released person for any

{01028447.DOC;1 }

debt owed to the United States Government or any of its agencies, or any state and local authority whatsoever, including without limitation, any claim arising under (a) the Internal Revenue Code or any state, city or municipal tax code, (b) the environmental laws of the United States or any state, city or municipality or (c) any criminal laws of the United States, any state, city or municipality; or (ii) limit the liability of the Debtor's professionals pursuant to Rule 1.8(h)(1) of the New York State Rules of Professional Conduct; and it is further

**ORDERED,** that, except as otherwise provided in the Plan, this Confirmation Order, or any other order of the Bankruptcy Court, on and after the Confirmation Date, all non-Debtor entities and individuals are permanently enjoined from commencing or continuing in any manner, or otherwise prosecuting, any action or proceeding, whether directly, derivatively or otherwise, or from taking any act to create, perfect or enforce any lien or encumbrance against the Debtor's interest in the Property under the Lease or property of the estate which is to be distributed to creditors under the Plan, on account of or respecting any lien, claim, debt, right, cause of action, or liability that is released or to be released pursuant to the Plan; provided however that the foregoing shall not limit or otherwise impair the Landlord's rights to enforce the terms and conditions of the Lease and/or the Recognition and Estoppel Agreement following assumption of the Lease; and it is further

**ORDERED**, that the reorganized Debtor shall (1) pay all amounts due under 28 U.S.C. §1930, and any applicable interest thereon, in Cash in full as required by statute until the closing, conversion or dismissal of this case; and (2) file all required quarterly disbursements reports no later than twenty days after the end of each quarter until the closing, conversion or dismissal of this case; and it is further

**ORDERED**, that the Court shall retain jurisdiction of this case with respect to motions pending before this Court on or before the Effective Date and thereafter, and matters provided for in Section 10 of the Plan, including, but not limited to ensuring that the Plan is consummated,

{01028447.DOC;1 }

18

resolving any and all controversies, suits or issues arising in connection with the consummation, interpretation or enforcement of the Plan or obligations arising thereunder, to the consideration of any objections filed within the time permitted pursuant to the Plan to the allowance of any Claim and other matters arising out of or related to the Plan; and it is further

**ORDERED**, that notice of the entry of this Confirmation Order, shall be mailed by the Debtor to all of its creditors, and other such parties as are entitled to notice within ten days of the date of entry this Confirmation Order; and it is further

**ORDERED**, that on the Effective Date of the Plan the Debtor shall file a notice of the occurrence of the Effective Date on the Court's ECF system within five (5) business days; and it is further

**ORDERED**, that any claims of a kind specified in Section 2 of the Plan that were not or are not filed on or before the respective deadlines set forth therein shall not participate in any distribution under the Plan and shall be forever barred; neither the Debtor, nor its estate, nor any disbursing agent, nor any officer, director, employee or professional person employed by any of the foregoing shall have any liability therefore or with respect thereto; and any holder of any such claim shall be forever barred from asserting any such claim against the Debtor, its estate, any disbursing agent, any officer, director, employee or professional person employed by any of the foregoing, or its respective property, whether any such claim is deemed to arise prior to, on or subsequent to the Effective Date; and it is further

**ORDERED**, that, except as otherwise hereafter directed by the Court, notice of all subsequent pleadings in this case shall be limited to (i) the Debtor, (ii) Debtor's counsel, (iii) the United States Trustee, (iv) Hana's counsel, (v) Landlord's counsel, and (vi) any party affected by the relief sought; and it is further

**ORDERED,** that the failure to specifically describe or include any particular provision of

{01028447.DOC;1 }

KL2 3149563.1
10/08/2019 8:51 AM

the Plan in this confirmation order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety; and it is further

**ORDERED**, that notwithstanding Bankruptcy Rules 3020(e) or 7062 or otherwise, the stay provided for under Bankruptcy Rule 3020 (e) or any applicable rule shall be waived and this confirmation order shall be effective and enforceable immediately upon entry.  The Debtor is authorized to consummate the Plan and the transactions contemplated thereby immediately after entry of this confirmation order and upon, or concurrently with, satisfaction of the conditions set forth in the Plan.

Dated:   White Plains, New York
         October 7, 2019

    /s/Robert D. Drain_____
    Hon. Robert D. Drain
    United States Bankruptcy Judge